IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RONALD EDMONDSON**                                                           **PLAINTIFF**

**v.**                              **4:08CV00273 BD**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                                    **DEFENDANT**

## MEMORANDUM AND ORDER

Plaintiff, Ronald Edmondson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge. (Docket entry #9)

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382(a)(C)(I).

Plaintiff alleged that he was limited in his ability to work by varicose veins. (Tr. 138) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through October 20, 2006, the date of his decision.

(Tr. 17-18)  On February 26, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and the case must be remanded.

Plaintiff was 47 years old at the time of the hearing.  (Tr. 285)  He testified that he completed the tenth grade in school in special education classes.[2]  *Id*.  He has past relevant work as a physical therapy attendant (transportation) and hospital housekeeper.  (Tr. 17, 92-94, 139, 287)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i) (2005).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  *Id*. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  *Id*. at

---

[2]There is some evidence that he completed the eleventh grade.  (Tr. 74, 144)  It makes little difference; either would qualify as a "limited" education.  20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3) (2005).

3

§ 404.1520(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  *Id*. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  *Id*., § 404.1520(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  *Id*.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  *Id*., § 404.1520(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  *Id*.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  *Id*., § 404.1520(a)(4)(iv).  If so, benefits are denied.  *Id*.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id*., § 404.1520(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  *Id*.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.[3]  (Tr. 14)  He found that Plaintiff had "severe" impairments,

---

[3]He originally alleged an onset of June 1, 2000.  (Tr. 64, 274)  At the hearing, that date was amended to May 27, 2002.  (Tr. 297)

diabetes mellitus[4] and varicose veins, but that he did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's allegations regarding his limitations were not entirely credible. (Tr. 16)

The ALJ found that Plaintiff retained the residual functional capacity for sedentary work. (Tr. 15) He determined Plaintiff was unable to perform his past relevant work. (Tr. 17) The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rules 201.24 and 201.18, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled. (Tr. 17) Thus, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends the ALJ should have incorporated his nonexertional impairments into a hypothetical for the vocational expert. (Br. 11-12)

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. *Groeper v. Sullivan*, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1988). Instead, testimony of a vocational expert must be taken. *Groeper*, 932 F.2d at 1235. The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are

---

[4]In so finding, the ALJ noted that he was giving Plaintiff the benefit of the doubt because the state agency summary included a visit where claimant had uncontrolled diabetes mellitus. (Tr. 16, 175) Apparently, the file at one time contained some medical evidence pertaining to a different claimant. That was discovered, and the evidence pertaining to the different claimant was removed. (Tr. 189, 284) As the ALJ noted, there was no other medical evidence of Plaintiff's having diabetes mellitus. (Tr. 16) Plaintiff disavowed having been told he had diabetes. (Tr. 295)

nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines. *Thompson*, 850 F.2d at 349-350 (emphasis added).

*Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in original); accord, *McGeorge v. Barnhart*, 321 F.3d 766, 768-69 (8th Cir. 2003); *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001); *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir. 1999).

The ALJ found that Plaintiff's impairments caused pain[5] and work-related limitations. (Tr. 14) Under the circumstances, Plaintiff's pain should have been incorporated into a hypothetical for the vocational expert; use of the Medical-Vocational Guidelines was error.

In addition, the ALJ did not expressly acknowledge the shift in the burden,[6] and that failure constitutes reversible error unless all of the evidence is so strongly against Plaintiff's position that a proper allocation of the burden would not have changed the

---

[5]Pain has long been considered a nonexertional impairment. *E.g.*, *Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006); *Haley v. Massanari*; 258 F.3d 742, 747 (8th Cir. 2001); *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991); *Prince v. Bowen*, 894 F.2d 283, 287 (8th Cir. 1990). According to a Social Security Ruling and regulations, however, it is only a symptom. Social Security Ruling 96-4p n.2; accord, 20 C.F.R. §§ 404.1528(a), 404.1529, 416.928(a), 416.929 (2005).

[6]Plaintiff bears the burden of proving disability. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). Although the ultimate burden of persuasion does not shift, the burden of production shifts to the Commissioner if Plaintiff is unable to perform his past relevant work. *Id.*; accord, *Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).

outcome. *Roberts v. Apfel*, 222 F.3d 466, 471 (8th Cir. 2000); *Pope v. Bowen*, 886 F.2d 1038, 1040 (8th Cir. 1989). Such is not the case here.

Based on these errors and the record as a whole, the Court finds that the ALJ's decision is not supported by substantial evidence. Therefore, the ruling of the Commissioner must be reversed and the matter remanded for a reevaluation of Plaintiff's complaints.

Accordingly, the Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED, this 14th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE